SMITH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-513-CR

JAMES FRANKLIN SMITH, IV APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97
TH
 DISTRICT COURT OF ARCHER COUNTY

------------

OPINION

------------

A jury found appellant, James Franklin Smith, IV, guilty of aggravated assault of a public servant and sentenced him to fifteen years’ confinement. Counsel on appeal has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and affirm the trial court’s judgment. 

I. Factual Background

On November 11, 2000 Pat Canaan and Brent Isom, both game wardens with the Texas Parks and Wildlife Department, were on duty when they noticed a suspicious vehicle.  Because the area was known for poachers, they continued to watch the vehicle for approximately ten minutes.  The vehicle then started moving toward them in a weaving pattern, which was typical for someone road hunting. 

They decided to pull the vehicle over, but the driver increased his speed. 
During the pursuit, which lasted approximately twenty minutes, speeds reached between fifty and seventy miles an hour.  When the car turned right, the game wardens noticed a strong smell coming from it.  Game Warden Isom was familiar with the smell and recognized it as methamphetamines.

As the pursuit continued, Game Warden Isom become more concerned because they were on a highway with other traffic, and the reckless driving was causing other motorists to swerve.  When the chase neared Archer City, Game Warden Isom contacted his supervisor to request permission to disable the vehicle.

Game Warden Canaan then shot out the back tire of the truck, which caused it to spin into a ditch.  Game Warden Isom testified that as appellant, who was the passenger, exited the car Isom could see the end of a gun coming out.  Game Warden Canaan also testified that when the passenger came out, he saw the barrel of a gun pointing toward Game Warden Isom.  Game Warden Canaan yelled, “State Game Warden, get down,” and the passenger then moved slightly to point the gun towards him.  Because he feared for his and his partner’s lives, Game Warden Canaan shot the passenger in the leg and buttock as he turned to run.  Upon investigation, they found a rifle outside the truck; however, appellant testified that he did not know how it got there.

Appellant was charged with aggravated assault of a peace officer and convicted by a jury.  Because of a prior offense, the punishment range was fifteen to ninety-nine years with a ten thousand dollar fine.  The jury sentenced appellant to fifteen years’ confinement.

II.  The 
Anders
 Brief

Appellant’s attorney on appeal has filed a motion to withdraw.  In support of the motion to withdraw counsel has filed a brief in which he states, in his professional opinion, this appeal has no merit.  
Counsel has fulfilled the requirements of 
Anders
 by presenting a professional evaluation of the record in explaining why there are no arguable grounds for appeal.  
See Anders
, 386 U.S. at 744, 87 S. Ct. at 1400 (1967).  This court provided appellant the opportunity to file a pro se brief.  Appellant responded with a letter stating that he was not competent to do so but requested that this court “look into” his case.  

Once counsel has complied with the 
Anders
 requirements, we must conduct an independent examination of the record to determine whether counsel is correct.  
Id.; see Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.)  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

III. Independent Review

A. Pretrial

The indictment tracks the statutory language of the offense for which appellant was convicted.  
See
 
Tex. Penal Code Ann
. § 22.01 (Vernon Supp. 2003).  It alleges that the offense occurred before the presentment of the indictment.
  The indictment conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.
  See
 
Tex. Const
. art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  During voir dire, the trial court did not prohibit appellant from asking proper questions from the panel, and appellant did not object to any jurors.  Finally, all of appellant’s pretrial motions were either granted or agreed to by the State.  Thus, our review of the record reveals no reversible error occurred during pretrial.

B. Guilt-Innocence Phase

After reviewing the record and applying the appropriate standards of review,
(footnote: 1) we conclude that the evidence is legally and factually sufficient to support the conviction of aggravated assault of a peace officer.
(footnote: 2)  

All of appellant’s objections were sustained.  Furthermore, the court’s charge on guilt-innocence properly defined the law and included a reasonable doubt definition.  
See
 
Tex. Code Crim. Proc. Ann
. art. 36.16 (Vernon 1981).  Finally, appellant’s counsel at trial effectively cross-examined the State’s witnesses  and attempted to establish reasonable doubt regarding appellant’s use of the .22 rifle.  We hold that counsel’s performance at guilt-innocence was constitutionally sufficient.  
See Strickland v. Washington
, 466 U.S. 668, 104 S. Ct. 2052 (1984). 

C. Punishment

At punishment, neither the State nor the defense made any objections to the jury charge or to any arguments made.  Counsel’s performance satisfied the standard announced in 
Hernandez v. State
.  988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  The court’s charge on punishment properly instructed the jury on the applicable range of punishment and on applicable parole laws.  
See
 
Tex. Penal Code Ann
. §§ 12.32, 22.01 (Vernon 1994 & Supp. 2003).  The jury assessed punishment within the permissible statutory range. 
 Our review of the record reveals no reversible error occurred in the punishment phase.

IV. Conclusion

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal on this case is frivolous.
(footnote: 3)  Therefore, we grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993) (both providing legal sufficiency standard of review); 
Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (both providing factual sufficiency standard of review).

2:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.

3:
We have also considered appellant’s letter to the court and find no reversible error.